UNITED STATES of America, Plaintiff-Appellee,

v.

Willie A. TILLMON, Defendant-Appellant.

No. 99-10037

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Nov. 10, 1999.

Appeal from the United States District Court for the Northern District of Alabama. (No. 98-00229-CR-PT-S), Robert B. Propst, Judge.

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Defendant, Willie A. Tillmon, appeals his 87-months' sentence imposed following his guilty plea to three counts of transporting a depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1), and one count of soliciting a minor for a sex act, in violation of 18 U.S.C. § 2422(b). On appeal, Defendant contends that the first three counts of transporting child pornography involved only one victim—society in general—and that therefore the district court erred in refusing to group them for sentencing purposes.[1] After review, we follow the majority of circuits who have decided this issue and hold that the primary victims of these offenses were the multiple minors depicted and that therefore the district court did not err in refusing to group. Thus, we affirm Defendant's sentence.

*I. BACKGROUND*

In June of 1998, Defendant engaged in a series of e-mail and "real time" conversations on the Internet with a person using the screen name "TAMIJOANN." Defendant believed "TAMIJOANN" to be a fourteen

---

[1]The grouping of these offenses would lower Defendant's offense level, after adjustment for acceptance of responsibility, from 28 to 25. This would reduce his sentencing range from 87 to 108 months to a range of 63 to 78 months' imprisonment.

year old girl, however, she was actually a government informant. During these conversations, Defendant repeatedly attempted to persuade "TAMIJOANN" to meet him in a motel room in order to engage in various sexual acts. In addition, on June 30, 1998, on three separate occasions, Defendant transmitted three different images of minors involved in sexually explicit conduct to "TAMIJOANN" via computer. Specifically, at 6:09 a.m., Defendant sent an image entitled "10YOSLUT.JPG" that depicts a young prepubescent female having her genitalia penetrated by a white male adult subject. Then, at 6:10 a.m., Defendant sent an image labeled "10YRWHOR.JPG." This is a compilation of seven pictures, five of which depict a prepubescent female having oral and anal sex with an adult male subject, one depicting the same prepubescent female displaying her genitalia while lying on top of an adult male, and one depicting two adult males and one prepubescent male urinating on the prepubescent female. Finally, at 6:14 a.m., Defendant sent an image entitled "12YOFFUK.JPG" which depicts a prepubescent female having sexual intercourse with a male subject.

After Defendant's guilty plea to all counts in the indictment, the probation officer filed a presentence report in which she recommended that the first three offenses not be grouped for the purposes of sentencing. After receiving that report, Defendant filed written objections, including an objection to the Probation Officer's failure to group the first three charges. Defendant objected to the failure to group solely on the ground that "[t]here are *no victims* under Counts One, Two and Three. All three counts ... involve the transmission of visual depictions of minors engaged in sexual activities. Contrary to what the Probation office states, the children depicted in the photos are not 'victims.' " At the sentencing hearing, the court explicitly relied upon *United States v. Norris,* 159 F.3d 926 (5th Cir.1998), *cert. denied,* --- U.S. ----, 119 S.Ct. 1153, 143 L.Ed.2d 219 (1999), in finding that the children in the photographs were the victims and therefore the counts should not be grouped. Consequently, the district court overruled Defendant's objection and sentenced him to concurrent terms of eighty-seven months' incarceration on each count. Defendant appeals this sentence.

*II. STANDARD OF REVIEW*

2

In sentencing appeals, this Court reviews the district court's findings of fact for clear error and reviews the application of the sentencing guidelines *de novo. United States v. Bagwell,* 30 F.3d 1454, 1458 (11th Cir.1994). Further, this court views the district court's refusal to group multiple counts under United States Sentencing Guidelines section 3D1.2 with due deference. *United States v. Bonner,* 85 F.3d 522, 525 (11th Cir.1996).

*III. DISCUSSION*

A.    *Grouping Under the Sentencing Guidelines*

Section 3D1.1 of the Sentencing Guidelines provides that the first step in the process of determining the sentence of a defendant convicted of more than one count is for the court to group the counts of conviction into groups of "Closely Related Counts" pursuant to section 3D1.2. U.S.S.G. § 3D1.1.[2] Section 3D1.2, in turn, provides that all counts "involving substantially the same harm" shall be grouped together, and describes four situations in which counts are considered to involve substantially the same harm.[3] The Defendant relies

[2]This Guidelines section provides, in relevant part, that:

(a) When a defendant has been convicted of more than one count, the court shall:

(1) Group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in § 3D1.2....

U.S.S.G. § 3D1.1(a) (Nov.1997).

[3]Section 3D1.2 states:

§ 3D1.2. *Groups of Closely Related Counts*

All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

3

on only the first situation described in subsection (a) of section 3D1.2. Specifically, subsection (a) of section 3D1.2 provides that counts involve substantially the same harm and should therefore be grouped "[w]hen counts involve the same victim and the same act or transaction." U.S.S.G. § 3D1.2(a). In addition, the application note corresponding to this provision explains that the victim is the person "directly and most seriously affected by the offense" as follows:

> [t]he term "victim" is not intended to include indirect or secondary victims. Generally there will be one person who is directly and most seriously affected by the offense and is therefore identifiable as the victim. For offenses in which there are no identifiable victims ... the "victim" for the purposes of subsections (a) and (b) is the societal interest that is harmed.

U.S.S.G. § 3D1.2, comment. (n.2).

Our task in this case, therefore, is to decide whether society was the primary victim of Defendant's offenses, or whether the minors depicted were the primary victims.

B.    *Primary Victim*

Although this Court has not addressed this precise issue, the majority of circuits that have faced the question have held that the minor depicted in child pornography is the primary victim of the offense for the purposes of grouping. *See United States v. Hibbler,* 159 F.3d 233 (6th Cir.1998), *cert. denied,* --- U.S. ----, 119 S.Ct. 1278, 143 L.Ed.2d 372 (1999); *United States v. Norris,* 159 F.3d 926 (5th Cir.1998), *cert. denied,* --- U.S. ----, 119 S.Ct. 1153, 143 L.Ed.2d 219 (1999); *United States v. Boos,* 127 F.3d 1207 (9th Cir.1997); *United States v. Ketcham,* 80 F.3d 789 (3rd Cir.1996); *United States v. Rugh,* 968 F.2d 750 (8th Cir.1992).

Specifically, these circuit courts concluded that the legislative history of 18 U.S.C. § 2252 made clear that the primary objective of the provision was to lessen the harm suffered by children. *See Hibbler,*

---

(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

(d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior....

4

159 F.3d at 237 (concluding that the legislative history of 18 U.S.C. § 2252 makes it clear that the primary victims are the children involved); *Boos,* 127 F.3d at 1213 (relying upon both the Senate's statement in Sen. Rep. No. 95-438, 95th Cong. 2d.Sess. (1978), that "[o]f deep concern to the committee is the effect of child pornography ... on the children who become involved" and the fact that the report refers to child pornography as a form of child abuse to find that children are the primary victims); *Ketcham,* 80 F.3d at 793 (relying upon Senate Report 95-438 and the fact that 18 U.S.C. § 2252 was enacted as part of the Protection of Children Against Sexual Exploitation Act to find that the children depicted are the primary victims); *Rugh,* 968 F.2d at 755(same). We agree with this majority position. *See also Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (recognizing that children exploited in pornographic materials are the victims of child-pornography offenses); *United States v. Miller,* 146 F.3d 1281, 1285 (11th Cir.1998) (stating that Congress amended 18 U.S.C. § 2252 to include those who received and redistributed pornography without commercial motive because "the harm to the child exists regardless of the viewer's motivation"), *cert. denied,* --- U.S. ----, 119 S.Ct. 915, 142 L.Ed.2d 912 (1999).

In urging a contrary conclusion, Defendant relies primarily upon the minority view expressed in *United States v. Toler,* 901 F.2d 399 (4th Cir.1990). In *Toler,* the defendant was convicted of one count of interstate transportation of a depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) and two counts of interstate transportation of a minor with the intent to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2423. The Fourth Circuit also relied upon the legislative history of 18 U.S.C. § 2252 but concluded that while the primary victim of the transportation of a minor charge was the minor herself, the primary victim of the transportation of child pornography count was society in general. *Id.* at 403. Based upon the reasoning in *Toler,* Defendant argues that the primary victim of his three counts was society.

As stated above, the majority of courts have expressly rejected the *Toler* court's interpretation of the legislative history of 18 U.S.C. § 2252. Specifically, these courts concluded that while the Fourth Circuit was

correct that the Senate Report noted the effect of child pornography on society's "moral fabric," the report as a whole made clear that the primary objective of the provision was to lessen the harm suffered by children. *See Boos,* 127 F.3d at 1213; *Ketcham,* 80 F.3d at 793; *Rugh,* 968 F.2d at 755. As noted above, we agree with this reading of the legislative history.

Defendant further contends that while the minor depicted was victimized when the photographs were taken, the interstate transportation of the photograph does not further harm that child. Rather, according to Defendant, such dissemination of the photograph primarily offends society's distaste for pornographic materials. As a result, Defendant asserts that the minors depicted were not "directly and most seriously affected" by his transmission of the pictures as required by the Guidelines.

Like our sister circuits, we also reject Defendant's argument distinguishing between the victim of production of child pornography and the victim of the dissemination of the images. Although an argument can be made that the production of child pornography may be more immediately harmful to the child involved, the dissemination of that material certainly exacerbates that harm, not only by constituting a continuing invasion of privacy but by providing the very market that led to the creation of the images in the first place. *See Norris,* 159 F.3d at 929; *Boos,* 127 F.3d at 1211 n. 1; *Ketcham,* 80 F.3d at 793. Thus, the children depicted remain the primary victims not only when the pictures are taken or purchased, but also when they are subsequently transported or distributed from one person to another. As stated by the Fifth Circuit in *Norris,* "the victimization of the children involved does not end when the pornographer's camera is put away ... 'the pornography's continued existence causes the child victims continuing harm by haunting those children in future years.' " *Norris,* 159 F.3d at 930-931 (*citing Osborne,* 495 U.S. at 111, 110 S.Ct. 1691).

C.    *Identifiable Victim*

Defendant also asserts that there is no evidence from which the minors in the pictures involved here can be identified. Consequently, he argues that there is no "identifiable" victim as discussed in the application

6

note to Guidelines section 3D1.2. As a result, according to Defendant, the victim should be deemed to be society as a whole. We find this argument equally misguided. The application note is not properly interpreted as requiring that the victim actually be named. Rather, it is sufficient that a specific victim can be shown, whether or not the court knows that victim's actual identity. *See Hibbler,* 159 F.3d at 237. In this case, the victims identified are the children portrayed in each of the three transmissions at issue, and that victimization is not diminished by the fact that the actual names of the minor victims are not known.

D. *Number of Minors*

Defendant also appears to argue that some of the minors involved in the three transmissions charged could possibly be the same child, and therefore there may not be three different minor victims. At sentencing, however, Defendant objected to the failure to group solely on the ground that society was the primary victim of all three counts.[4] Accordingly, because Defendant did not object on the ground that the minors were not

_____

[4]The court specifically clarified what Defendant's objection was by stating:

> Court: Is your objection that as a matter of law that regardless of whether they are or are not three different victims, the Court should group them?
>
> Defense Counsel: That's correct, Your Honor.
>
> Court: That is the objection. It's not that they are not three different or it's not that they are not minors, the objection is as a matter of law that they should be grouped.
>
> Defense Counsel: Yes, sir.
>
> Court: I am going to take the position that I find this Fifth Circuit case of U.S. v. Norris to be persuasive on the issue, and I am going to overrule that objection.
>
> Any other objection?
>
> Defense Counsel: If you find that—I guess what you are saying is you find that the children in each photograph are victims and so the counts should not be grouped?
>
> Court: Right. Separate victims.
>
> Defense Counsel: Yes, sir. No other objections, Your Honor.

three different individuals, we will review the question only if failure to do so would result in manifest injustice. *See United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136, 1137 (11th Cir.1993) (en banc); *United States v. Williams,* 144 F.3d 1397 (11th Cir.1998). This Court equates manifest injustice with review for plain error. *United States v. Newsome,* 998 F.2d 1571, 1579 (11th Cir.1993).

Paragraph fifty of the presentence report expressly states that the "minor victim depicted is different in each count." At sentencing, the district court specifically stated that it adopted the factual statements contained in the pre-sentence report. Defendant filed no written objection to that paragraph. At sentencing, Defendant's counsel initially conceded that the minors depicted were different individuals. After further thought, however, Defendant's counsel later stated that "I'm not sure that we can concede that they are three different individuals because we don't know when these photographs were taken.... These could have been taken at different times during the same child's—."

Despite this statement at sentencing, Defendant has not presented any evidence to contest the district court's finding that the minor victims in each count were different. Thus, Defendant has not shown that a failure to review this point will result in a manifest injustice and we can not say that the district court plainly erred refusing to group the three counts based upon a finding of multiple victims.

*IV. CONCLUSION*

For the purpose of sentencing pursuant to Sentencing Guidelines section 3D1.2 for violations of 18 U.S.C. § 2252, we find that the primary identifiable victim of the transportation of child pornography is the minor depicted in the image. In addition, the district court did not plainly err in finding that the first three counts involved different individuals. Accordingly, the district court did not err in declining to group Defendant's three counts of transportation of child pornography for the purposes of sentencing.

AFFIRMED.

8