[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/31/2000
THOMAS K. KAHN
CLERK

No. 98-5059

D. C. Docket No. 97-6142-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT T. JAMIESON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(January 31, 2000)**

Before COX and DUBINA, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

DUBINA, Circuit Judge:

Appellant Scott Jamieson ("Jamieson") appeals his 71-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jamieson argues that the district court based his offense level upon an erroneous interpretation of 18 U.S.C. § 921(a)(30)(A)(i). We agree. Therefore, we vacate Jamieson's sentence and remand this case for resentencing.

## I.  BACKGROUND

A.  Procedural History

A federal grand jury in the Southern District of Florida returned an indictment charging Jamieson with felonious possession of a firearm. Jamieson entered into a written plea agreement with the government. Under the terms of the plea agreement, Jamieson agreed to plead guilty to the indictment and the government agreed to make a non-binding recommendation at sentencing that Jamieson be awarded a three-point offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court accepted Jamieson's guilty plea. To aid the district court in sentencing, the Probation Officer prepared a pre-sentence investigation report ("PSI"). Jamieson filed written objections to the PSI and specifically objected to

the enhancement for possession of an allegedly stolen firearm. The government filed no written objections.

In a second addendum to the PSI, the probation officer agreed with Jamieson's objection and deleted the two-level enhancement for possession of an allegedly stolen firearm. The probation officer further noted that the government had "orally reported" objections to the PSI. The government argued that Jamieson's firearm was a prohibited semiautomatic assault weapon described in 18 U.S.C. § 921(a)(30), and therefore qualified him for the enhanced base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3). The probation officer then submitted a revised PSI reflecting the deletion of the two-level enhancement for the allegedly stolen firearm, but increasing the base offense level by two levels pursuant to § 2K2.1(a)(3). The PSI also reflected the 3-level adjustment for acceptance of responsibility. These changes resulted in a total offense level of 21, which was identical to the level set forth in the original PSI.

At his sentencing hearing, Jamieson objected to the government's oral request for an enhancement of the base offense level due to his alleged possession of a prohibited semiautomatic assault weapon. In an attempt to meet its burden of proof, the government presented the testimony of firearms expert Agent Steve Barborini of the Bureau of Alcohol, Tobacco and Firearms. According to Agent

Barborini's testimony, under current federal law, a semiautomatic rifle that can accept a magazine of over five rounds is illegal if it has two or more of the following: a protruding pistol grip, a bayonet lug or flash hider, a threaded barrel, or a shroud designed so that the rifle could be gripped without one's hand being burned. Agent Barborini testified that the Norinco firearm at issue holds a 30-round magazine and is a semiautomatic gas operated rifle. He further testified that Norinco changed the way it manufactured the firearm at issue after Congress passed a new law banning certain types of assault weapons. Finally, Agent Barborini testified that, as a result of the redesign, the firearm at issue did not possess two of the prohibited items, and thus, was a legal weapon.

Even though Agent Barborini testified that the firearm at issue was not an illegal semiautomatic assault weapon, the district court decided to apply the enhancement of U.S.S.G. § 2K2.1(a)(3) because it interpreted 18 U.S.C. § 921(a)(30)(A)(i) to prohibit any semiautomatic assault weapon manufactured by Norinco. We conclude that the district court's interpretation of 18 U.S.C. § 921(a)(30)(A)(i) is incorrect. Neither the language of § 921(a)(30)(A)(i) nor the legislative history supports such an interpretation.

## II.  **STANDARD OF REVIEW**

This court reviews the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*.  *See United States v. Gallo*, 195 F.3d 1278, 1280-81 (11th Cir. 1999); *United States v. Tillmon*, 195 F.3d 640, 642 (11th Cir. 1999).

## III.  **DISCUSSION**

Jamieson argues on appeal that the district court incorrectly interpreted 18 U.S.C. § 921(a)(30)(A)(i) in calculating his base offense level under U.S.S.G. § 2K2.1(a)(3).  Specifically, Jamieson contends that although § 921 prohibits all models of Norinco's "Avtomat Kalashnikovs," it does not prohibit all Norinco weapons, as the district court concluded.  Moreover, Jamieson underscores Agent Barborini's testimony that the firearm at issue was a legal weapon because it did not have two or more of the features prohibited in § 921(a)(30)(B).  The government agrees with Jamieson's position and confesses error.[1]  Notwithstanding the government's admission of error, we feel compelled to briefly address this first impression issue.

---

[1]     We appreciate the government's candor in not only admitting that the district court committed error, but also in acknowledging its contribution to the district court's confusion.

5

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796 (the "Violent Crime Control Act"), in order to amend and expand various existing statutory and regulatory provisions found in 18 U.S.C. §§ 921-930 relating to the manufacture, distribution, and possession of certain weapons. *See National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 277 (6th Cir. 1997); *Navegar, Inc. v. United States*, 103 F.3d 994, 997 (D.C. Cir. 1997). Of significance to this appeal, the 1994 Violent Crime Control Act banned the manufacture, transfer, or possession of semiautomatic assault weapons. *See* 18 U.S.C. §§ 922(v)(1), 922(w)(1). Title 18 U.S.C. § 921(a)(30) defines a "semiautomatic assault weapon" as one of the nine specified firearms listed in § 921(a)(30)(A) or as a semiautomatic rifle that meets certain requirements as listed in § 921(a)(30)(B). Section 921(a)(30)(A) provides:

The term "semiautomatic assault weapon" means -

(A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as -
(i) Norinco, Mitchell, and Poly Technologies Avtomat Kalashnikovs (all models);
(ii) Action Arms Israeli Military Industries UZI and Galil;
(iii) Beretta Ar70 (SC-70);
(iv) Colt AR-15;
(v) Fabrique National FN/FAL, FN/LAR, and FNC;
(vi) SWD M-10, M-11, M-11/9, M-12;

6

(vii) Steyr AUG;
(viii) INTRATEC TEC-9, TEC-DC9 and
TEC-22; and
(ix) revolving cylinder shotguns, such as (or
similar to) the Street Sweeper and Striker
12.

18 U.S.C. § 921(a)(30)(A)(i)-(ix). Congress passed § 921(a)(3)(A)(i)-(ix) in order to ban the specific weapons listed therein, including in sub-section (i) "(all models)" of Norinco "Avtomat Kalashnikovs." In addition to banning certain specific firearms, Congress enacted 18 U.S.C. § 921(a)(30)(B) to ban semiautomatic rifles regardless of make, model, or identity of manufacturer, if they had two or more of the proscribed characteristics listed in § 921(a)(30)(B).

After passage of the Violent Crime Control Act, the Sentencing Commission established a specific base offense level of 22 for felons, like Jamieson, who had one prior felony conviction of a crime of violence and who were convicted of being a felon-in-possession under 18 U.S.C. § 922(g)(1), if the offense involved a firearm described in 18 U.S.C. § 921(a)(30). *See* U.S.S.G. § 2K2.1(a)(3). In applying 18 U.S.C. § 921(a)(30) to Jamieson, the district court, without argument to the contrary, mistakenly concluded that all Norinco weapons came within the ambit of 18 U.S.C. § 921(a)(30)(A)(i). Accordingly, the district court decided that the enhanced sentence provided in U.S.S.G. § 2K2.1(a)(3) was appropriate for the Norinco firearm at issue.

7

We hold that the district court's conclusion contradicts the language of § 921(a)(30) and the legislative history of the Violent Crime Control Act. Congress narrowly crafted the assault weapons ban to limit the number of weapons being banned. *See* H.R. Rep. No. 103-489, at 6 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1801, 1803. Moreover, the provisions of the Violent Crime Control Act set forth in 18 U.S.C. § 922 buttress the conclusion that not all Norinco weapons are illegal. The Violent Crime Control Act "exempts certain weapons from its prohibitions, as listed in § 922, Appendix A, and described in § 922(v)(3)." *Magaw*, 132 F.3d at 277. Appendix A to § 922 lists a variety of weapons manufactured by Norinco which are not prohibited. Although the Appendix does not include Jamieson's firearm, the fact that a firearm is not listed in Appendix A does not mean that the firearm is prohibited. *See* 18 U.S.C. § 922(v)(1)(3).

In summary, we conclude that 18 U.S.C. § 921(a)(30) does not encompass all Norinco weapons. Section 921(a)(30)(A)(i) only bans all models of Norinco Avtomat Kalashnikovs. There was no testimony at sentencing, nor was it the government's position, that Jamieson's weapon was an Avtomat Kalashnikov. Moreover, Jamieson's sentence could not be enhanced pursuant to § 921(a)(30)(B). Section 921(a)(30)(B) includes only semiautomatic weapons, regardless of make, which display two or more proscribed characteristics. At sentencing, the

8

government stated that Jamieson's weapon did not display two or more of those prohibited characteristics. Therefore, the district court erred in concluding that all Norinco weapons fit within the ambit of 18 U.S.C. § 921(a)(30)(A)(i), and in subsequently applying the offense level in U.S.S.G. § 2K2.1(a)(3). Because Jamieson's sentence was based on an erroneous interpretation of the law, we vacate his sentence and remand this case to the district court for resentencing consistent with this opinion.

**VACATED and REMANDED.**