UNITED STATES of America, Plaintiff-Appellee,

v.

Daniel Andrew McINTOSH, Defendant-Appellant.

No. 99-13259

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

June 29, 2000.

Appeal from the United States District Court for the Northern District of Alabama. (No. 99-00114-CR-S-M), C. Lynwood Smith, Jr., Judge.

Before ANDERSON, Chief Judge, and DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Daniel Andrew McIntosh appeals his 78-month sentence imposed after he pled guilty to nine counts of interstate transportation of child pornography by computer, in violation of 18 U.S.C. § 2252(a)(1). On appeal, McIntosh argues that the district court erred when it failed to group his nine counts for sentencing purposes. We reject McIntosh's arguments and affirm.

## I. BACKGROUND

The facts of this case are undisputed. Detective James P. McLaughlin, a member of the Regional Task Force on Internet Crimes Against Children for Northern New England, spotted postings on an Internet news group bulletin board, "alt.fan.prettyboy." Detective McLaughlin noted that someone using the e-mail address "dannymac1@hot mail.com" posted messages on "alt.fan.pret tyboy" on January 22, 1999. These messages were accompanied by attachments that depicted minor children engaged in sexually explicit conduct. McLaughlin observed "dannymac1@hotmail.com" posting pornographic images of children between January 22, 1999 and February 16, 1999. Through the use of subpoenas, McLaughlin identified McIntosh as the individual using "danny mac1@hotmail.com" to post the messages on "alt.fan.prettyboy."

McIntosh admitted to downloading the images of child pornography and posting the images on "alt.fan.prettyboy." He pled guilty to all counts of a nine-count indictment charging that he violated 18 U.S.C. § 2252, which prohibits the knowing transporting or shipping in interstate commerce by any means (including via computer) of "any visual depiction, if [ ] the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and [ ] such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(1).

In the Presentence Investigation Report ("PSI"), the United States Probation Officer recommended that the district court not group the nine counts of McIntosh's indictment because the counts did not meet the criteria for grouping under U.S.S.G. § 3D1.2. McIntosh objected to the PSI's failure to group the nine counts of his indictment as one "group of closely-related counts" pursuant to U.S.S.G § 3D1.2. The trial court overruled McIntosh's objection and enhanced his offense level calculation by five levels pursuant to U.S.S.G. § 3D1.4 (providing for multi-count enhancement).

McIntosh maintains that the Sentencing Guidelines required the district court to group his nine counts because: (1) the harm that each child suffered stemmed from the same act or transaction under U.S.S.G. § 3D1.2(a) (1998); and (2) his crime was ongoing or continuous under U.S.S.G. § 3D1.2(d) (1998).

## II. DISCUSSION

We review the district court's application of the sentencing guidelines *de novo,* giving due deference to the district court's refusal to group multiple counts under U.S.S.G. § 3D1.2. *United States v. Tillmon,* 195 F.3d 640, 642 (11th Cir.1999).

*A.      Grouping Under U.S.S.G. § 3D1.2(a).*

McIntosh first argues that U.S.S.G. § 3D1.2(a) requires his nine counts to be grouped, because the counts "involve the same victim and the same act or transaction." U.S.S.G. § 3D1.2(a). To accept McIntosh's argument, we would need to find that disseminating multiple child pornography images depicting many different children harms only one victim. We recently rejected McIntosh's argument; in *United States v.*

**2**

*Tillmon* we held that "[f]or the purpose of sentencing pursuant to Sentencing Guidelines section 3D1.2 for violations of 18 U.S.C. § 2252, we find that the primary identifiable victim of the transportation of child pornography is the minor depicted in the image." *Tillmon,* 195 F.3d at 645. Therefore, McIntosh's distribution of many pictures, involving different children, victimized each child separately.[1] We decline McIntosh's invitation to revisit *Tillmon's* holding that U.S.S.G. § 3D1.2(a) does not require grouping McIntosh's counts.

B.      *Grouping Under U.S.S.G. § 3D1.2(d).*

McIntosh next argues that grouping is required under U.S.S.G. § 3D1.2(d). Section 3D1.2(d) requires grouping counts when "the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." U.S.S.G. § 3D1.2(d). McIntosh argues that his offense behavior—consistent trafficking in child pornography—was ongoing and continuous during the period charged in his indictment, and that U.S.S.G. § 2G2.2(b)(4) is the guideline written to cover his offense behavior.

To prevail, McIntosh would have to prove both that his offense behavior was ongoing or continuous in nature and that the offense guideline is written to cover his offense conduct. *See* U.S.S.G. § 3D1.2(d). While we have doubts that McIntosh's offense behavior was ongoing or continuous in nature, we assume for present purposes that it was. *See, e.g., United States v. Ketcham,* 80 F.3d 789 (3d Cir.1996). Pressing on to the second prong of U.S.S.G. § 3D1.2(d), McIntosh cannot demonstrate that the offense guideline is written to cover trafficking in child pornography as an ongoing offense.

Section 2G2.2(b)(4) pertains to "trafficking in material involving the sexual exploitation of a minor; receiving, transporting, shipping, or advertising material involving the sexual exploitation of a minor; [or] possessing material involving the sexual exploitation of a minor with intent to traffic;" it provides, "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." U.S.S.G. § 2G2.2(b)(4).

---

[1]McIntosh does not allege that the images involved the same child.

3

Section 3D1.2(d) lists offenses covered by certain guidelines that "are to be grouped" under § 3D1.2(d); likewise, it lists other offenses that are "specifically excluded" from operation of § 3D1.2(d). Section 2G2.2(b)(4) is not listed under either category. For unlisted offenses, § 3D1.2(d) instructs, "grouping under this subsection may or may not be appropriate; a case-by-case determination must be made based upon the facts of the case...." U.S.S.G. § 3D1.2(d).

The commentary to § 2G2.2 defines a "[p]attern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant...." U.S.S.G. § 2G2.2, comment. (n. 1). The commentary defines "[s]exual abuse or exploitation" as:

> [C]onduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses. *"Sexual abuse or exploitation" does not include trafficking in material relating to the sexual abuse or exploitation of a minor.*

U.S.S.G. § 2G2.2, comment. (n. 1) (emphasis added).

McIntosh's crime involved only trafficking in material relating to the sexual abuse or exploitation of a minor. Section 2G2.2(b)(4) and its commentary patently exclude such trafficking from the definition of "sexual abuse or exploitation of a minor." Therefore McIntosh has not shown that the Sentencing Guidelines contemplated grouping for his offense, and the district court properly refused to group McIntosh's nine counts. *Accord Ketcham,* 80 F.3d at 796 (holding, with respect to a defendant charged with transporting, receiving, distributing, reproducing, and possessing child pornography under 18 U.S.C. § 2252, "Subsection (b)(4) of § 2G2.2, the only portion of that guideline arguably directed to ongoing or continuous conduct ... is not written to cover Ketcham's conduct, ongoing or otherwise."); *United States v. Kemmish,* 120 F.3d 937, 941 (9th Cir.1997) (holding, "The few reported decisions involving ... U.S.S.G. § 2G2.2(b)(4) have unanimously interpreted the latter as being inapplicable to traffickers in child pornography who are not directly involved in the actual sexual abuse or exploitation of minors.").

### III. CONCLUSION

**4**

The district court correctly refused to group McIntosh's nine counts pursuant to U.S.S.G. § 3D1.2. McIntosh's sentence is therefore affirmed.

AFFIRMED.