[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 04, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-12423
Non-Argument Calendar

_____

D.C. Docket No. 00-00085-CR-3-001-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNON BRADFORD,
a.k.a. Greedyman,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(January 4, 2002)**

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Kennon Bradford appeals his 78-month sentence for escape, in violation of 18 U.S.C. § 751(a), arguing that the district court erred in: (1) determining that he did not qualify for a reduction of his base offense level, pursuant to U.S.S.G. § 2P1.1(b)(2), for returning to prison after each escape; (2) enhancing his sentence, pursuant to U.S.S.G. § 3C1.1, for threatening a witness, where there was no finding that the threats were communicated to the witness; (3) declining to group his two counts of escape as closely related under U.S.S.G. § 3D1.2; and (4) declining to run his sentence concurrently with the sentence imposed on his prior conviction for another escape.

This Court reviews a district court's factual findings for clear error and their application of the Guidelines to those facts de novo. United States v. McClendon, 195 F.3d 598, 600 (11th Cir. 1999). Further, this Court views the district court's refusal to group multiple counts under § 3D1.2 with due deference. United States v. Tillmon, 195 F.3d 640, 642 (11th Cir. 1999).

First, an escapee is entitled to a seven level reduction of his base offense level if he "escaped from non-secure custody and returned voluntarily within ninety-six hours." U.S.S.G. § 2P1.1(b)(2). However, that reduction does not apply "if the defendant, while away from the facility, committed any federal, state or local offense punishable by a term of imprisonment of one year or more." Id. To

be denied the § 2P1.1 reduction, a defendant need not have been "convicted" of the felonies committed during the escape, if they are shown by a preponderance of the evidence. United States v. Strachan, 968 F.2d 1161, 1163 (11th Cir. 1992). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). According to U.S.S.G. § 2P1.1(b)(2), comment. (n. 2), "'[r]eturned voluntarily' includes voluntarily returning to the institution or turning one's self in to a law enforcement authority as an escapee (not in connection with an arrest or other charges)."

Second, a defendant's base offense level may be enhanced by two levels if he willfully obstructs the administration of justice. U.S.S.G. § 3C1.1. A defendant obstructs the administration of justice if he threatens, intimidates, or otherwise unlawfully influences a witness, directly or indirectly, or attempts to do so. Id., comment. (n.4(a)). The issue, in this case, is whether indirect threats made to third parties constitute obstruction under § 3C1.1 absent a showing that they were communicated to the target.

Third, in determining the sentence of a defendant convicted of multiple counts, U.S.S.G. § 3D1.2 provides that all counts "involving substantially the same harm" shall be grouped together, and describes four situations in which counts are considered to involve substantially the same harm. Pursuant to subsection (a) of § 3D1.2, counts that "involve the same victim and the same act or transaction" involve the same harm. "When one count charges an attempt to commit an offense and the other charges the commission of that offense, or when one count charges an offense based on a general prohibition and the other charges violation of a specific prohibition encompassed in the general prohibition, the counts will be grouped together under subsection (a)." U.S.S.G. § 3D1.2, comment. (n.3). Subsection (b) provides that counts that "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan" involve the same harm. Subsection (c) provides that multiple counts may be grouped "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to another of the counts." The offense of escape is specifically excluded from subsection (d).

Fourth, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18

4

U.S.C. § 3584(a). However, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a consecutive sentence is appropriate. 18 U.S.C. § 3584(b). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the Sentencing Guidelines, and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1),(4), (5). Section 5G1.3 is the relevant Guidelines provision in determining whether to impose a consecutive sentence on a defendant subject to an undischarged term of imprisonment. Section 5G1.3 provides that:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Upon review of the presentence investigation report, the sentencing transcript and the record, and upon consideration of the briefs of the parties, we find no reversible error.

I

There was sufficient evidence to support the district court's finding that Bradford committed several disqualifying offenses during his January 29th escape. The district court based its determination that Bradford committed the offenses of arson, criminal damage to property and threatening bodily harm to a person during this escape on witness testimony and evidence submitted during his trial on the instant case. In fact, several witnesses testified at Bradford's trial regarding the offenses he committed during the January 29th escape. Bradford has not offered any contradictory evidence. Therefore, the district court did not err in refusing to apply the § 2P1.1(b)(2) reduction to the January 29th escape.

The district court also correctly interpreted the language of § 2P1.1(b)(2) in determining that Bradford did not "return voluntarily." "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). According to U.S.S.G. §

6

2P1.1(b)(2), comment. (n. 2), "'[r]eturned voluntarily' includes voluntarily returning to the institution or turning one's self in to a law enforcement authority as an escapee (not in connection with an arrest or other charges)." This language clearly assumes that the escapee has reconsidered his actions and intends to surrender. In this case, Bradford did not return to the prison camp because he had reconsidered his actions. Rather, he intended to continue his escapes and, in fact, did so on March 3, 2000. Moreover, the circumstances of the December 24th and January 29th escapes were not discovered until Bradford was arrested on subsequent charges. Bradford was not entitled to this reduction.

## II

Bradford argues that the district court erred in enhancing his sentence for obstruction of justice under § 3C1.1 for, directly or indirectly, attempting to threaten or intimidate a government witness. He does not dispute the district court's finding that he made threats against a government witness. Rather, he maintains that § 3C1.1 requires that the threat be communicated to the witness. Bradford argues that because the district court failed to make a finding regarding the communication of the threat to the witness, the § 3C1.1 enhancement does not apply.

The government responds that the district court properly enhanced Bradford's sentence for obstruction of justice under § 3C1.1. The government argues that Bradford engaged in conduct aimed at preventing an inmate witness from cooperating and at retaliating against the witness, prosecutor and investigator. The government maintains that the district court is not required to find that Bradford's actions were communicated to the witness in order to enhance his sentence under § 3C1.1.

"Whether the district court properly applied the obstruction of justice enhancement is a mixed question of law and fact." United States v. Garcia, 13 F.3d 1464, 1471 (11th Cir.), cert. denied, 512 U.S. 1226 (1994). This Court reviews a district court's factual findings for clear error and their application of the Guidelines to those facts de novo. Id.

The issue, in this case, is whether indirect threats made to third parties constitute obstruction under § 3C1.1 absent a showing that they were communicated to the target. This is an issue of first impression in this Court. There is disagreement among the circuits that have considered this issue. See United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir.), cert. denied, 505 U.S. 1228 (1992) (holding that § 3C1.1 requires that the defendant either threaten the target in his presence or issue a threat with the likelihood that the target will learn

8

of it); <u>United States v. Shoulberg</u>, 895 F.2d 882, 884-86 (2nd Cir. 1990) (holding that a note to third party was an attempt to keep another from cooperating with the government and covered by § 3C1.1); <u>United States v. Capps</u>, 952 F.2d 1026, 1028 (8th Cir. 1991), <u>cert. denied</u>, 504 U.S. 990 (1992) (holding that because § 3C1.1 applies to attempts to obstruct justice, it is not essential that the threat be communicated to the target); <u>United States v. Jackson</u>, 974 F.2d 104, 106 (9th Cir. 1992) (holding that "[w]here a defendant statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice"). We find the approach taken by the Second, Eighth and Ninth Circuits most persuasive.

In this case, at the sentencing hearing, Deputy United States Marshal James Smith testified that prison inmates Dwight Guyet, Aimsley Brown and Lemont Stevens had contacted him and informed hm that Bradford had made threats against him and one of the inmate witnesses. Clearly it was not error for the sentencing judge to find this was an attempt to obstruct justice by influencing or attempting to influence testimony through a threat.

## III

Bradford argues that the district court erred in declining to group his two counts of escape as closely related under U.S.S.G. § 3D1.2. Bradford contends

9

that the language excluding escape from the grouping rules only applies to subsection (d) of § 3D1.2. He argues that his escape offenses involved the same victim, the same act, a common objective and occurred within a short time span, and, thus, must be grouped as closely related counts. The government responds that the district court properly found that the December 24th and January 29th escapes were sufficiently distinct, thereby precluding grouping under § 3D1.2.

This Court reviews a district court's factual findings for clear error and their application of the Guidelines to those facts de novo. United States v. Tillmon, 195 F.3d 640, 642 (11th Cir. 1999). Further, this Court views the district court's refusal to group multiple counts under § 3D1.2 with due deference. Id. at 642. In determining the sentence of a defendant convicted of multiple counts, U.S.S.G. § 3D1.2 provides that all counts "involving substantially the same harm" shall be grouped together, and describes four situations in which counts are considered to involve substantially the same harm.

Bradford argues that his escape offenses should be grouped but does not specify on which subsection of § 3D1.2 he relies. First, § 3D1.2(a) provides that counts that "involve the same victim and the same act or transaction" involve the same harm. "When one count charges an attempt to commit an offense and the other charges the commission of that offense, or when one count charges an

offense based on a general prohibition and the other charges violation of a specific prohibition encompassed in the general prohibition, the counts will be grouped together under subsection (a)." U.S.S.G. § 3D1.2, comment. (n.3). Bradford's counts involved two separate instances of escape and, thus, did not involve the same act or transaction. Second, subsection (b) provides that counts that "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan" involve the same harm. The district court found that, although Bradford's escapes involved the same general type of conduct, they were separate and distinct offenses. Bradford has not demonstrated that his two separate escapes were connected by a common criminal objective. Third, subsection (c) provides that multiple counts may be grouped "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to another of the counts." Clearly, this subsection does not apply to two counts of escape. Finally, Bradford admits that subsection (d) does not apply because escape is specifically excluded from that subsection. Therefore, the district court did not err in declining to group Bradford's two counts of escape as closely related under § 3D1.2.

**IV**

11

On appeal, Bradford also argues that the district court erred in declining to run his sentence concurrently with the sentence imposed on his prior conviction for his third escape. He argues that the district court failed to consider the factors listed in 18 U.S.C. § 3553(a) or the applicable guidelines and policy statements issued by the Sentencing Commission in reaching its decision not to run the sentences concurrently. The government responds that the district court correctly followed U.S.S.G. § 5G1.3(a) and 18 U.S.C. § 3553(a) in ordering that Bradford's sentence be served consecutive to his other sentence.

This Court reviews a district court's factual findings for clear error and their application of the Guidelines to those facts de novo. McClendon, 195 F.3d at 600; see also, United States v. Descally, 254 F.3d 1328, 1330 (11th Cir. 2001) (review of district court's decision to impose a concurrent sentence). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a consecutive sentence is appropriate. 18 U.S.C. § 3584(b). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the Sentencing Guidelines, and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C.

12

§ 3553(a)(1),(4),(5).  Section 5G1.3 is the relevant Guidelines provision in determining whether to impose a consecutive sentence on a defendant subject to an undischarged term of imprisonment.  Section 5G1.3 provides that:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

In this case, because Bradford committed the instant offenses while he was serving a term of imprisonment, but before his conviction and sentence for the March 3rd escape, § 5G1.3(a) does not apply.  Because the March 3rd escape was not fully taken into account in the determination of the offense level for the instant offense, § 5G1.3(b) does not apply.  Where, as in this case, neither subsection (a) or (b) of § 5G1.3 applies, the district court has discretion to impose a consecutive sentence to achieve a reasonable punishment.  U.S.S.G. § 5G1.3(c).  The record

13

indicates that the court considered the other factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the escapes and the history and characteristics of Bradford, in determining that a consecutive sentence was appropriate. Therefore, the district court did not err in declining to run Bradford's sentence concurrently with the sentence imposed on his prior escape conviction.

We conclude that the district court did not err in (1) determining that Bradford did not qualify for a reduction of his base offense level, pursuant to U.S.S.G. § 2P1.1(b)(2), for returning to prison after each escape, (2) declining to group Bradford's two counts of escape as closely related under U.S.S.G. § 3D1.2, and (3) declining to run Bradford's sentence concurrently with the sentence imposed on his prior conviction for another escape.

The judgment of the district court is AFFIRMED.