**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-10644**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00040-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO VICENTE,
a.k.a Cornelio Domingo Ajtum-Vicente,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(December 9, 2005)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-appellant, Armando Vicente, appeals his 30-month sentence for

re-entering the United States as a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Vicente asserts that the district court erroneously believed it lacked the authority under U.S.S.G. § 5G1.3 (2003) to impose a federal sentence concurrent with his state sentence and that his sentence is unreasonable under United States v. Booker, 543 U.S.___, ___, 125 S.Ct. 738, 765-66 (2005), because the district court erred in failing to consider all of his proffered mitigating factors as well as other factors listed in 18 U.S.C. § 3553(a). We find no error and AFFIRM.

## I. BACKGROUND

Vicente entered a plea of guilty to an indictment charging him with violation of 8 U.S.C. §§ 1326(a) and (b)(2), for illegally re-entering the United States after having been deported in connection with an aggravated felony conviction. His presence in the United States had been discovered when he was arrested by the Georgia Sheriff's Office and charged with forgery when he was found in possession of a false social security card. Vicente was convicted of forgery and sentenced on 4 August 2004 to three years in custody upon service of 60 days in jail, with the remainder to be served on probation. The state sentence was completed on 3 October 2004. Because Immigrations and Customs Enforcement agents had been notified immediately upon his arrest, however, and because their investigation revealed that Vicente had previously been deported in November

2

2003 after a conviction for possession with intent to distribute cocaine, he has been held in custody since his arrest.

The base offense level for unlawful reentry into the United States, pursuant to the Sentencing Guidelines is 8. U.S.S.G. § 2L1.2(a) (2003). Vicente's previous conviction for possession of cocaine with intent to distribute, because the sentence imposed was thirteen months or less, increased the offense level by 12. U.S.S.G. § 2L1.2(b)(1)(B). Vicente also got a three-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. This left him with a total offense level of 17.

Vicente began with four criminal history points but, because the instant offense was committed while he was still on probation for his cocaine conviction, the Guidelines required an addition of two points. U.S.S.G. § 4A1.1(d). The Guidelines also required an additional point because Vicente reentered the United States less than two years following his release from custody on the cocaine conviction. U.S.S.G. § 4A1.1(e). All this resulted in a criminal history category of IV, and a guideline imprisonment range of 37 to 46 months.

At the sentencing hearing, the district court overruled Vicente's objection to the criminal history points added for his still being on probation for the controlled substance violation when he re-entered the country. The court explained that the

3

sentence had been suspended only "upon deportation and [Vicente's] remaining outside" the United States – conditions Vicente broke upon re-entry. R3 at 5. Arguing that he had, "in essence, lost three months worth of time," Vicente asked the district court to consider a lower sentence because he had been in custody from 25 May to 4 August when he was sentenced to 60 days (to run until October 3) for his forgery conviction. Id. at 9. Explaining that because the sentencing court had designated that the sentence begin to run on 4 August, "that's what [it had] intended," the court also overruled this objection. Id.

Vicente also offered numerous grounds for mitigation of his sentence including that his criminal history score overstated his true criminal history and that he had re-entered the country to work and send money home to his mother. He asked the court to consider a concurrent sentence under U.S.S.G. § 5G1.3, without reference to any specific subsection of that guideline. He argued that the forgery and re-entry were "all sort of wrapped up." Id. at 10. Finally, Vicente asked the court, "for any number of the reasons . . . cited," to impose a sentence below that of the advisory guidelines. Id.

The district court found that § 5G1.3 did not apply to his case because the state forgery conviction and the illegal re-entry were "separate and distinct crimes." Id. at 9. The court sentenced Vicente to 30 months imprisonment – seven

4

months below the low end of the guidelines range, explaining that Vicente's "criminal record was not one that was so egregious," and that the sentence imposed was "within the range of sentences normally imposed in this district for these types of offenses." Id. at 13-14. The court further explained that the two most important sentencing considerations in cases such as Vicente's were sufficiency of punishment and deterrence and found that 30 months would serve to satisfy both.

Vicente makes two arguments on appeal. First, he argues that the district court erroneously believed it did not have the authority to impose a federal sentence concurrent to his state sentence for forgery under U.S.S.G. § 5G1.3. Second, he argues that the court erred by failing to consider all possible mitigating factors.

## II. DISCUSSION

A. Concurrent Sentence

We review the application of U.S.S.G. § 5G1.3 de novo. United States v. Bidwell, 393 F.3d 1206, 1209 (11th Cir. 2004), cert. denied, 125 S.Ct. 1956 (2005). U.S.S.G § 5G1.3 governs sentences for defendants who are convicted of a crime while serving an undischarged sentence for a prior conviction. Subsection (a) mandates consecutive sentences if the instant offense was committed while the defendant was serving a term of imprisonment. If subsection (a) does not apply,

5

subsection (b) provides that if a term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction" and "was the basis for an increase in the offense level," then "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period will not be credited to the federal sentence by the Bureau of Prisons" and that "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Id. § 5G1.3 (b). When neither subsection (a) nor (b) of § 5G1.3(b) applies, "the district court has discretion to impose a consecutive sentence to achieve a reasonable punishment." United States v. Bradford, 277 F.3d 1311, 1317 (11th Cir. 2002) (per curiam); see also U.S.S.G. § 5G1.3(c), p.s.

Neither §§ 5G1.3(a) nor (b) applies; Vicente did not commit his re-entry offense while serving a term of imprisonment and his state forgery conviction was not relevant conduct to his illegal re-entry offense. Further, Vicente's offense level was not increased by the forgery conviction. Since neither of the first subsections applies, the court had discretion under § 5G1.3(c) to impose a federal sentence concurrent with Vicente's state sentence, but was not required to do so.

Vicente argues that the district court's comment that his state forgery conviction and federal illegal re-entry conviction were "separate and distinct

6

crimes" shows that it thought it lacked the authority to impose a concurrent sentence. This argument is without merit. At sentencing, neither Vicente nor the court explicitly identified which subsection of § 5G1.3 they were discussing. The comments only make sense, however, in reference to subsection (b). As discussed and as conceded by Vicente in his brief, subsection (b) does not apply to this case. That the court did in fact recognize its authority to impose a lesser or concurrent sentence under U.S.S.G. § 5G1.3(c) is borne out by the court's express statement that the fact that Vicente had been in custody since 25 May "was one of the factors that [it] considered in imposing the sentence at the level that [it] did." R3 at 14. The court exercised this discretionary authority in imposing a sentence seven months below the applicable guideline range. Accordingly, we find no error in the court's application of U.S.S.G. § 5G1.3.

B. 3553(a) Factors

Vicente also argues that, under post-Booker advisory guidelines, the district court erred in failing to consider all the mitigating evidence proffered by him in relation to the 18 U.S.C. § 3553(a) factors.[1] After a district court has accurately calculated the guideline range, it "may impose a more severe or more lenient

---

[1]To the extent that Vicente is arguing that the court did not depart enough from the Guidelines, a district court's discretionary decision to depart downward from the applicable Guideline range cannot be reviewed for its sufficiency, even after Booker. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam).

sentence." United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (citing Booker). We review such a sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (per curiam). In determining whether a sentence is reasonable, the court should be guided by the factors in 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 765-66; Winingear, 422 F.3d at 1246. To establish the reasonableness of a sentence, however, a district court need not explicitly discuss every §3553(a) factor on the record. United States v. Scott, ___ F.3d ___, No. 05-11843, 2005 WL 2351020, at *4 (11th Cir. Sept. 27, 2005). An indication that the court "adequately and properly considered the § 3553(a) sentencing factors and the advisory Guidelines range" in conjunction with the sentence will be sufficient. Id. at *5.

The district court imposed a sentence that was seven months below the low end of the guideline range based, in part, on the fact that Vicente's criminal history was not "so egregious." R3 at 14. Thus, first, the court did consider Vicente's proffered mitigating factor that his criminal history overstated the seriousness of the offense. See 18 U.S.C. § 3553(a)(1). Second, the court observed that the Vicente's sentence was consistent with other sentences for crimes of this nature in this district. See § 3553(a)(6). Third, the court expressly considered the factors of punishment and deterrence, and proceeded to discuss how it thought this particular

8

sentence would serve those purposes.  See § 3553(a)(2)(A)-(B).  Finally, the court imposed a sentence considerably lower than both the 46-month high end of the Guideline range and the statutory maximum of 20 years.  See Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).  Based on these considerations, we find the sentence imposed by the district court to be reasonable.

### III. CONCLUSION

Vicente's appeal of his sentence, which fell below the Guidelines range for his conceded offense level and criminal history category, on the grounds that the court misunderstood its authority under U.S.S.G. 5G1.3 and failed to consider all factors listed under 18 U.S.C. § 3553(a) lacks merit.  First, the court considered Vicente's state sentence in fashioning his federal sentence, thereby demonstrating that it did not believe it lacked authority to impose a concurrent sentence under § 5G1.3.  Second, the court did consider several relevant § 3553(a) factors in imposing Vicente's sentence, and the sentence was reasonable in light of those factors.  Accordingly, we **AFFIRM.**