[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2006
THOMAS K. KAHN
CLERK

No. 05-10715
Non-Argument Calendar
_____

D. C. Docket No. 98-00046-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDE LOUIS DUBOC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 10, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Claude Louis Duboc, proceeding *pro se*, appeals his 60-month

consecutive sentence imposed after remand for conspiracy to tamper with a witness, in violation of 18 U.S.C. §§ 1512(b)(1) and 371, and also challenges the imposition of an above-guidelines fine of $ 250,000, arguing that the district court erred in re-sentencing him.  He also alleges that his prior counsel was ineffective.

A jury convicted Duboc of conspiracy to tamper with a witness, in violation of 18 U.S.C. § 371 (count 1(b)); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (count 2); and money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B) (counts 3-7).  Duboc committed these offenses while awaiting sentencing after pleading guilty in 1994 to conspiracy to import drugs and conspiracy to launder the proceeds from the sale of drugs (the 1994 case is referred to herein as *Duboc I*).  Duboc received a 236 month sentence in the instant case, (*Duboc II*), which included concurrent sentences of 60 months on count 1(b) and 236 months on the remaining counts.  Duboc appealed and we reversed his convictions for conspiracy to commit money laundering and various counts of money laundering because of a lack of sufficient evidence to support the convictions. We also reversed a district court order granting forfeiture but affirmed Duboc's conviction for conspiracy to tamper with a witness.  On remand, the district court sentenced Duboc to 60 months imprisonment to run consecutively to the life sentence he was serving as a result of *Duboc I*, three years of supervised

release, and imposed a $ 250,000 fine.

Duboc asserts that the district court sentenced him under the wrong criminal statute when it sentenced him under 18 U.S.C. § 371, instead of 18 U.S.C. § 1512(b)(1). He asserts that the statutory maximum for his offense was 10 years and his 60 month sentence is almost half of what the law demands. He notes that his offense level should have been calculated under U.S.S.G. § 2J1.2, which cross-references § 2X3.1, and his base offense level should have been 30. He asserts that the guidelines in effect at the time of his re-sentencing should have been applied, and, under U.S.S.G. § 1B1.3(a)(1)(A), the instant offense was conduct relevant to the offenses he committed in *Duboc I* because he committed the instant offense in an effort to avoid responsibility for those offenses. He asserts that the probation officer's determination of the base offense level and sentence was correct, but the district court erred by not following the PSI's recommendation and reasoning. He argues that 18 U.S.C. § 1512(b)(1) and U.S.S.G. § 5G1.3(b) required the district court to determine his sentence in the instant offense based on the conduct in *Duboc I* that resulted in the greatest sentence, and because the conduct in *Duboc I* is used in the instant case, that conduct is "fully considered" in this case, which means the sentences from both cases should run concurrently.

In reviewing a sentence, we review a district court's factual findings for

3

clear error and review the court's application of the guidelines to those facts *de novo*. *United States v. Bradford*, 277 F.3d 1311, 1316 (11th Cir. 2002). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether to order the sentences to run concurrently or consecutively. 18 U.S.C. § 3584(b). The factors in § 3553(a) include: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; 4) the need for the sentence to protect the public from further crimes of the defendant; and 5) the Sentencing Guidelines. 18 U.S.C. § 3553(a).

"Section 5G1.3 is the relevant Guidelines provision in determining whether to impose a consecutive sentence on a defendant subject to an undischarged term of imprisonment." *Bradford*, 277 F.3d at 1317. At the time of his original sentencing, § 5G1.3 provided that:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

4

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3 (1998); *see also United States v. Bordon*, 421 F.3d 1202, 1206-1207 (11th Cir. 2005) (holding that pursuant to the Feeney Amendment, guidelines applicable on date of original sentencing are applied on re-sentencing). Under subsection (b) of § 5G1.3, to determine what conduct must be "fully taken into account," we must decide what criminal activity U.S.S.G. § 1B1.3 treats as "relevant conduct." *United States v. Blanc*, 146 F.3d 847, 851 (11th Cir. 1998). "Activity that meets the definition of 'relevant conduct' under section 1B1.3 must be 'fully taken into account' when determining whether section 5G1.3(b) applies, regardless of whether the district court actually considered the activity when it calculated the base level." *Id.*

Section 1B1.3(a)(1) provides that a defendant's base offense level shall be determined based on:

(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

5

(B) in the case of a jointly undertaken criminal activity . . ., all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

U.S.S.G. § 1B1.3(a)(1).

Section 371 of Title 18 prohibits a conspiracy by two or more people to commit an offense against the United States or to defraud the United States. 18 U.S.C. § 371. The maximum sentence under § 371 is five years imprisonment. *Id.* Section 1512(b) of Title 18 prohibits tampering with a witness, and carries a maximum sentence of ten years imprisonment. 18 U.S.C. § 1512(b) (Eff. 1996-2002).

After reviewing the record, we conclude that the district court did not rely on the wrong statute in determining Duboc's sentence. Because Duboc was convicted of conspiracy to tamper with a witness, as opposed to the substantive offense of tampering with a witness, the applicable statute for his offense was § 371, which provides for a maximum sentence of 60 months imprisonment. The court also did not improperly calculate the guideline range. Although Duboc asserts that the district court improperly calculated his base offense level and contends that his base offense level should have been 30, the presentence investigation report reveals

that his base offense level was 30 and was determined in the same manner Duboc asserts it should have been calculated. Finally, the district court did not err in imposing a consecutive sentence. First, § 5G1.3(a) does not apply in this case because Duboc committed the instant offense prior to being sentenced in *Duboc I*. Additionally, § 5G1.3(b) does not apply because the offenses involved in *Duboc I* were not "fully taken into account" in determining Duboc's offense level in the instant offense. As a result, § 5G1.3(c) governed the district court's decision and allowed the court to impose a sentence in a manner it deemed would "achieve a reasonable punishment for the instant offense." *Id.* In making its decision, the court considered the guidelines and other factors listed in § 3553(a), as required by § 3584, and determined that a consecutive sentence was appropriate.

Next, Duboc asserts that the district court failed to make specific findings when it imposed a fine above the guideline range and failed to give him prior notice of its contemplation of a fine above the guideline range. He contends that his fine is excessive because it is disproportionate to his offense, and the offense conduct was already considered in *Duboc I*.

Because Duboc did not object to the court's imposition of a fine above the guideline range, we will review his claim for plain error. *United States v. Maurice*, 69 F.3d 1553, 1556 (11th Cir. 1995). Similarly, because Duboc did not object to

7

the court's failure to give him prior notice as required under *Burns v. United States*, 501 U.S. 129, 111 S. Ct. 2182, 2186-2187, 115 L. Ed. 2d 123 (1991), we review the *Burns* violation for plain error. *United States v. Hunerlach*, 258 F.3d 1282, 1287-1288 (11th Cir. 2001). Plain error occurs when there is (1) an error; (2) that is plain or obvious; (3) affects the defendant's substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993).

"*Burns* requires the district court to give 'reasonable notice' that it is contemplating an upward departure in the sentencing range established by the Sentencing Guidelines." *Hunerlach*, 258 F.3d at 1287. "This notice must specifically identify the ground on which the district court is contemplating an upward departure." *Id.* (internal quotations omitted). The maximum fine for the instant offense was $ 250,000. 18 U.S.C. § 3571(b)(3). At the time of Duboc's original sentencing, § 5E1.2 established the guideline fine range as $ 17,500 to $ 175,000 for the instant offense. U.S.S.G. § 5E1.2(c)(3) (1998). Section 5E1.2(d) further provided that in determining the amount of the fine, the court should consider, among other things, the need for the combined sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment,

8

and afford adequate deterrence.  U.S.S.G. § 5E1.2(d).  Additionally, the guidelines instructed that the amount of the fine should "ensure that the fine, taken together with other sanctions imposed, is punitive." *Id.*

In its brief, the government concedes that the district court violated *Burns* by failing to give Duboc prior notice.  Nevertheless, the court's failure to give prior notice was not plainly erroneous because it is unclear whether *Burns*, which addressed an upward departure under a mandatory guideline scheme, still applies after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Additionally, Duboc failed to establish that his substantial rights were affected since he offered no indication as to how he was prejudiced by the court's failure to give him notice and does not indicate that he would have been able to present any evidence or arguments in opposition to the fine had he been given prior notice.  Furthermore, the district court did not plainly err by failing to make specific findings concerning each of the § 5E1.2(d) factors because the record in this case provides sufficient evidence to support a conclusion that the factors were considered in imposing the fine.  Finally, the court did not plainly err in setting Duboc's fine at $ 250,000.  Considering the factors listed in § 3553(a) and § 5E1.2(d), the court concluded that a fine above the guideline range was justified based on the nature and circumstances of the instant offense and

9

related conduct. As a result of the large sums of money involved in the instant case, the court did not plainly err in concluding that a fine of $ 250,000 was appropriate. Furthermore, in light of Duboc's history of hiding assets from the government, the court did not plainly err in determining that Duboc had the ability to pay the fine.

Last, Duboc argues that his attorney was ineffective because he failed to object or argue the issues Duboc is presenting on appeal. He asserts that the record is adequate for review of this issue on direct appeal, and maintains that he was prejudiced by counsel's performance.

We generally do not consider claims of ineffective assistance of counsel on direct appeal when the district court did not entertain the claim or develop a factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We may, however, consider an ineffective assistance claim when the record is sufficiently developed. *Id.*; *see also Massaro v. United States*, 538 U.S. 500, 508, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003) (recognizing that ineffective assistance claims do not have to be reserved for collateral review). "Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review." *Bender*, 290 F.3d at 1284. To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was

10

deficient, which is defined as representation that fell below an objective reasonableness standard; and (2) the deficient performance prejudiced the defense by showing that there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different. *United States v. Verbitskaya*, 406 F.3d 1324, 1337-1338 (11th Cir. 2005), *cert. denied*, No. 05-698 (Jan 9, 2006).

Here, the record is not sufficiently developed to consider Duboc's ineffective assistance claim related to counsel's failure to object to the district court's *Burns* violation and upward departure from the guideline fine range. We will, however, consider Duboc's ineffective assistance of counsel claim related to his counsel's failure to object or argue that the court sentenced him under the wrong criminal statute, calculated his sentence incorrectly, and should have imposed a concurrent sentence because the record is sufficiently developed with regard to these issues. As indicated above, the district court sentenced Duboc under the correct statute, correctly calculated his sentence, and was not required to impose a concurrent sentence. As a result, Duboc cannot show that the alleged deficient performance of his counsel prejudiced him.

For the foregoing reasons, we affirm Duboc's sentence.

**AFFIRMED.**