[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12877
Non-Argument Calendar

_____

D. C. Docket No. 04-00570-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LAMONT JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 11, 2008)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Victor Lamont Johnson appeals his consecutive 80-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Johnson argues that his 80-month sentence was unreasonable, insofar as it was imposed to run consecutively to his outstanding state sentence, because, when added to the 7 years remaining on his 10-year state sentence, it resulted in a 13-to14-year sentence, which was greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a). Johnson maintains that his 80-month sentence would have been reasonable had it been imposed to run concurrently to his undischarged state sentence, because the suggested federal range was 5 years at the low end, and 7.25 years at the high end.

Issues not raised before the district court are reviewed only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Accordingly, because Johnson did not object below, we review the district court's application of § 5G1.3 only for plain error. See id. Under this standard, "[we] may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations and citations omitted).

Section 5G1.3 of the Sentencing Guidelines contains three different subsections that govern the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. United States v. Bradford, 277 F.3d 1311, 1313-14 (11th Cir. 2002). The first addresses sentencing for an offense that the defendant committed while serving the undischarged term of imprisonment. U.S.S.G. § 5G1.3(a). The second applies where the undischarged sentence resulted from an offense that was "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). The third contains a policy statement, which provides that "in any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

Because Johnson committed the instant offense before he was convicted of the Florida offenses for which he was serving the undischarged term of imprisonment, and the undischarged term of imprisonment resulted from prior offenses that were unrelated to the instant offense, neither subsection (a) nor (b) was applicable. See U.S.S.G. § 5G1.3(a) and (b). The district court therefore properly determined that it had the discretion under § 5G1.3(c) to order that Johnson's sentence run consecutively to his undischarged state sentence. See

3

United States v. Fuentes, 107 F.3d 1515, 1519-20 (11th Cir. 1997).

In determining whether an incremental punishment under § 5G1.3(c) is reasonable and adequate to avoid unwarranted disparity, the district court should consider, inter alia, the factors enumerated in § 3553(a), the type and length of the undischarged sentence, the time served on the undischarged sentence, and any other relevant circumstances. U.S.S.G. § 5G1.3, comment (n.3). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims. See 18 U.S.C. § 3553(a)(1)-(7).

Upon review of the presentence investigation report and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

Contrary to Johnson's assertions, raised for the first time on appeal, that his

4

sentence was greater than necessary to achieve the goals of sentencing as outlined in § 3553(a), the record reflects that the district court adequately considered the § 3553(a) factors, and chose to impose a consecutive 80-month sentence after finding that such a sentence "[wa]s sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Accordingly, the district court committed no error, plain or otherwise, when it imposed Johnson's sentence to run consecutively to his undischarged state sentence.

**AFFIRMED.**