[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15855

_____

D.C. Docket No. 3:10-cr-00067-RV-EMT-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO TORRES-RODRIGUEZ,

Defendant-Appellant.

_____

No. 10-15955

_____

D.C. Docket No. 3:10-cr-00067-RV-EMT-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JALOMO-RUIZ

Defendant-Appellant.

_____

No. 11-10083

_____

D.C. Docket No. 3:10-cr-00067-RV-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRINO POPOCA,
a.k.a. Alex,
a.k.a. Alejandrino Rodriguez-Popoca,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(March 1, 2013)

Before DUBINA, Chief Judge, HULL and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

**I**

Defendant-Appellants Francisco Torres-Rodriguez ("Torres-Rodriguez"),

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Juan Jalomo-Ruiz ("Jalomo-Ruiz"), and Alejandrino Popoca ("Popoca") appeal their convictions and sentences imposed by the United States District Court for the Northern District of Florida.

Torres-Rodriguez was convicted of (1) conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; and (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii).  Torres-Rodriguez received a 162-month sentence, which included an enhancement for a co-conspirator's possession of a firearm.

Jalomo-Ruiz was convicted of (1) conspiracy to distribute and possession with intent to distribute less than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846; and (2) possession of a firearm while unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).  He received a 78-month sentence.

Popoca was convicted of (1) conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii); (3) use, carrying, or possession of a firearm in furtherance of a

3

drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) possession of a firearm while unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).  Popoca received a 360-month sentence, which included enhancements for obstruction of justice and drug quantity.

## II

### A

Torres-Rodriguez raises two issues on appeal:

(1) Whether the evidence was sufficient to support his conviction for possession with intent to distribute 500 grams or more of cocaine; and

(2) Whether the district court erred in enhancing his sentence for possession of a firearm.

### B

Jalomo-Ruiz raises two issues on appeal:

(1) Whether the district court erred by omitting the lesser-included offense of conspiracy to distribute and possession with intent to distribute 500 grams or less of cocaine from the jury instructions; and

(2) Whether the evidence was sufficient to support his conviction for conspiracy to distribute and possession with intent to distribute less than five kilograms of cocaine.

## C

Popoca raises three issues on appeal:

(1) Whether the jury instructions and the Government's closing argument constructively amended the indictment;

(2) Whether the evidence was sufficient to establish Popoca's convictions for use, carrying, or possession of a firearm in furtherance of a drug trafficking crime and for possession of a firearm while unlawfully in the United States; and

(3) Whether the district court violated Fed. R. Crim. P. 32(i)(1)(C) and his due process right to notice when it relied on evidence outside of the Presentence Investigation Report in enhancing his sentence for obstruction of justice and drug quantity.

## III

Several standards of review govern this appeal. "We review sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998). When weighing the sufficiency of the evidence, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier

of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

We review the "district court's factual findings for clear error and their application of the Sentencing Guidelines to those facts *de novo*." *United States v. Bradford*, 277 F.3d 1311, 1312 (11th Cir. 2002). "We review *de novo* challenges to the constitutionality of a defendant's sentence," assuming they are properly preserved. *United States v. Ghertler*, 605 F.3d 1256, 1268 (11th Cir. 2010).

"[W]hen a party agrees with a court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result." *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010).

When a defendant fails to raise a argument before the district court, we review only for plain error. *United States v. Dortch*, 696 F.3d 1104, 1110 (11th Cir. 2012). Reviewing for plain error, "we will not correct an error raised for the first time on appeal unless there is an error that is plain; that affects substantial rights; and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1112.

**IV**

After carefully reviewing the record in this case and reading the parties' briefs, we conclude that each of Defendant-Appellants' claims lack merit. We

6

affirm their convictions and sentences.

**AFFIRMED.**