[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11625
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20412-JAL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MAUNTECA LOPEZ,
a.k.a. Frank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2014)

Before PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

A federal grand jury returned a 15-count indictment in June 2012, charging Francisco Maunteca Lopez and several co-defendants with various alien-smuggling offenses.  (Doc. 3).[1]  Specifically, the grand jury charged Lopez with conspiring to encourage and induce an alien to illegally enter and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) ("Count I").  (*Id.* at 2). Lopez later pled guilty to Count I without a plea agreement.  (Doc. 288).

In a written submission filed with the district court, (Doc. 291), the parties set out an agreed-upon factual basis underlying Lopez's guilty plea.  The factual basis provided that, in June 2010, Lopez conspired with other individuals to encourage and induce Cuban migrants to illegally enter and reside in the United States.  (*Id.* at 1).  Specifically, on June 17, 2010, Lopez and several co-conspirators departed Miami on a vessel en route to Cuba with the intention of picking up thirty-four migrants there.  (*Id.*).  The next day, the co-conspirators picked up the migrants and transported them to a rendezvous point off the coast of Cuba.  (*Id.* at 1–2).  There, the co-conspirators transferred the migrants to another vessel and transported them to Williams Island in the Bahamas.  (*Id.* at 2).  At this time, surveillance aircraft of the U.S. Customs and Border Protection observed that Lopez was aboard the vessel en route to the Bahamas.  When the vessel reached

---

[1] Our Court listed Lopez's name as "Maunteca-Lopez" in his previous appeal.  The Federal Bureau of Prisons lists his name as "Maunteca Lopez" but does not include a hyphen. We simply refer to the appellant as "Lopez."

2

Williams Island, the migrants and the co-conspirator debarked, while Lopez and two other co-conspirators returned to the United States. (*Id.*).

Lopez then returned to Williams Island and, on June 25, 2010, he—along with the migrants and two co-conspirators—left aboard a vessel en route to the United States. (*Id.*). Two days later, the vessel arrived in Boynton Beach, Palm Beach County, in the Southern District of Florida. (*Id.* at 2–3). Prior to its arrival, however, the vessel had run out of fuel and was adrift at sea for approximately one day. (*Id.*).

Next, on June 30, 2010, law enforcement officers interviewed Yoan Parra Mosquera, one of Lopez's co-conspirators. (*Id.* at 3). Mosquera admitted that he and Lopez had rendezvoused with the other co-conspirators and the Cuban migrants, and that they had transported the migrants from the Bahamas to the United States. Finally, Lopez's factual proffer provided that Lopez knowingly and intentionally transported the migrants to the United States, even though he knew it was illegal to do so. (*Id.*).

The district court accepted Lopez's guilty plea and also accepted the agreed-upon factual basis for the plea. (*Id.*).

Lopez now appeals his 54-month sentence on Count I for conspiracy to encourage and induce an alien to illegally enter and reside in the United States. *See* 8 U.S.C. § 1324(a)(1)(A)(v)(I). Lopez argues that the district court erred by

3

failing to impose under § 5G1.3(b ) of the Sentencing Guidelines a sentence that ran concurrently to his prior undischarged term of imprisonment. *See* U.S.S.G. § 5G1.3(b). Alternatively, he contends that even if § 5G1.3(b) did not apply, the district court nonetheless abused its discretion under § 5G1.3(c) by not imposing a concurrent sentence. Finally, he argues that the district court imposed an unreasonable sentence. All of his arguments fail. And we affirm the district court's sentence.

Where a defendant fails to object to a sentencing error before the district court, we review the district court's sentence only for plain error. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). In this instance, the record shows that following the district court's announcement of his sentence, Lopez did not object to the sentence on the ground that it ran consecutively, not concurrently, to his undischarged term of imprisonment. (*See* Doc. 455 at 33). So, plain error review is appropriate for review of Lopez's contention that a consecutive sentence violated § 5G1.3(b). "For this Court to correct an error under plain error review, (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011) (quotations omitted); *see also United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776–77 (1993).

4

Section 5G1.3 of the Sentencing Guidelines governs the imposition of a sentence where the defendant is already serving an undischarged sentence for a prior conviction.  Subsection (b) of this Guideline provides that (1) if the prior sentence "resulted from another offense that is relevant conduct to the instant offense of conviction . . . . and [(2)] that was the basis for an increase in the offense level for the instant offense," then the sentence for the instant offense shall run concurrently to the remainder of the prior sentence.  U.S.S.G. § 5G1.3(b).

So what is relevant conduct?  It is "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).  This simply means that in order for another offense to be relevant conduct, the two offenses must be substantially connected by a common factor, such as common victims, common accomplices, or a common purpose.  U.S.S.G. § 1B1.3, comment (n.8).  Courts may also consider the degree of similarity of the offenses, the regularity of the offenses, and the time interval between the offenses.  U.S.S.G. § 1B1.3, comment (n.9).  Here, the district court concluded that § 5G1.3(b) did not apply because the offense conduct underlying his undischarged term of imprisonment was not relevant conduct to the instant offense, and was not used to increase his offense level in this case. (Doc. 455 at 20–26).  The district court did not err in this determination, so there is no plain

5

error. Even if the prior offense was relevant conduct, it was not the basis for an increase in the offense level for this offense.

If a defendant is subject to a prior undischarged term of imprisonment, but § 5G1.3(b) does not apply, then the district court may impose a sentence that runs concurrently, partially concurrently, or consecutively to the prior term of imprisonment, pursuant to subsection (c) of § 5G1.3. U.S.S.G. § 5G1.3(c). In that circumstance, the district court has the "discretion to impose a consecutive sentence to achieve a reasonable punishment." *United States v. Bradford*, 277 F.3d 1311, 1317 (11th Cir. 2002). And here, the district court did just that. The court did not abuse its discretion by requiring Lopez's sentence to run consecutively to his prior undischarged term of imprisonment. *See* U.S.S.G. § 5G1.3(c).

Finally, Lopez contends that the district court imposed an unreasonable sentence. We review the reasonableness of a sentence only for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We review both the procedural and substantive reasonableness of a sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence is procedurally unreasonable if, among other things, the district court improperly calculated the Guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, or failed to adequately explain the chosen sentence. *Id.*; *see also* 18 U.S.C. § 3553(a); (Doc. 455 at 26). Basically, the district court has to show that it "considered the

6

parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotations omitted). Here, the district court imposed a procedurally reasonable sentence.

We review the substantive reasonableness of a sentence in light of the totality of circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The party challenging the sentence bears the burden to show that the sentence is substantively unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Lopez has not carried his burden. At sentencing, the district court explained that Lopez's 54-month sentence was appropriate due to Lopez's history of alien smuggling, the seriousness of his offense, and the need to adequately deter him from future criminal conduct. (Doc. 455 at 26,28). Moreover, Lopez's 54-month sentence was well below the statutory maximum of 120 months' imprisonment. *See* 8 U.S.C. § 1324(a)(1)(B)(i).

After careful review of the record and the parties' arguments, we affirm the district court's sentence.

**AFFIRMED.**