[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10140
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00030-BJD-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL SACHS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 29, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Russell Sachs appeals his 24-month sentence, imposed after pleading guilty to one count of dispensing clonazepam, a controlled substance, out of the usual course of professional practice and for no legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(2).  The court varied upwards from Sachs's guideline range of zero to six months' imprisonment.  The court considered an expert report provided by Dr. Reuben Hoch, who analyzed some of Sachs's patient records.  Dr. Hoch's report indicated that Sachs ran a "pill mill," in which patients were given large amounts of prescription drugs in exchange for cash; that Sachs rendered care not for a legitimate medical purpose and outside the usual course of medical treatment; and that at least 10 of Sachs's clients died shortly after receiving prescription drugs.  The court also indicated that the guideline range failed to take into account certain factors, including evidence that Sachs engaged in sexual activity with multiple patients after injecting them with painkillers and other sedatives.

On appeal, Sachs argues that his sentence is substantively unreasonable because the court erroneously imposed an upward variance.  He contends that the court erred by relying on Dr. Hoch's analysis; that the court erroneously based the upward variance on the fact that he engaged in sexual activity with some patients

2

in his office, because (although such conduct may be immoral or unethical) it was not illegal; and that the court failed to consider all of the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden to show it is unreasonable in the light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We review a district court's factual findings for clear error. *United States v. Bradford*, 277 F.3d 1311, 1312 (11th Cir. 2002). To be clearly erroneous, the finding of a district court must leave us with a "definite and firm conviction that a mistake has been committed." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). As long as the district court's findings are plausible, we will not reverse under clear error review. *Id.*

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing its sentence, the district court must also consider the nature and circumstances of the

3

offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range. *Id.* § 3553(a)(1), (3)-(4).

The weight accorded to a given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court, however, abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Furthermore, a district court's unjustified reliance on one § 3553(a) factor to the detriment of all the others may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

A sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Sachs has not demonstrated that his sentence is substantively unreasonable. The court weighed the sentencing factors and concluded that an upward variance was necessary to impose a sentence that reflected the seriousness of the offense, provided just punishment, and acted as a deterrent. The court considered the nature of the offense and Sachs's history and characteristics, explaining in detail

4

how Sachs ran a "pill mill" for many years and failed to care adequately for his patients. The court expressly considered mitigating factors, such as Sachs's volunteer work, his personal medical problems, and that Sachs may have helped people in the course of his medical practice. Sachs's 24-month sentence was well below the statutory maximum penalty of 5 years' imprisonment: another indicator of a reasonable sentence.

Moreover, Sachs does not show that the court clearly erred by basing its factual findings on Dr. Hoch's analysis and using those findings to vary upward, as the findings were plausible. Even assuming, *arguendo*, that Sachs's conduct of engaging in sexual activity with patients was not illegal, it was within the court's authority to consider the conduct when assessing the § 3553(a) factors, particularly Sachs's history and characteristics.

**AFFIRMED.**