[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-10031
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 24, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00007-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHERYL LONNELL COWAN,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

**(November 24, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Cheryl Cowan appeals the sentence of his conviction

for possession of a firearm by a convicted felon, alleging that the district court (1)

committed <u>Booker</u> error by imposing inaccurate guideline enhancements not

proved at trial or admitted by Cowan, and (2) violated 18 U.S.C. § 3553 by failing to state its reasons for imposing the sentence and by not giving a lesser sentence for Defendant's acceptance of responsibility and extraordinary rehabilitation efforts. Discovering no reversible error, we affirm.

Cowan was charged and convicted for possession of a firearm after having earlier been convicted of a felony. The charges arose after police officers executed a search warrant at Cowan's residence. The officers found Cowan in his bedroom, and when they announced themselves, Cowan reached for a loaded pistol. After subduing Cowan, the officers searched Cowan's room and hall closet and found a bulletproof vest, an electronic scale used for measuring illegal narcotics that tested positive for cocaine, and the pistol's box, which contained a bill of sale indicating that Patricia Biederman sold Cowan the firearm. At trial, Biederman said she purchased the gun at a pawn shop and sold it to Cowan to clear a $200 debt.

The government presented evidence -- which included recorded telephone conversations made by Cowan at jail -- indicating that Cowan attempted to influence Biederman's testimony. One conversation between Cowan and a person known as "Kevin" went this way:

COWAN: And if I can get Patty, I wrote her in the letter, if I can get her to . . . testify sayin' something about . . . you know that .380 [gun] was hers and that she had left ...
KEVIN: Yeah, yeah . . .
COWAN: . . . the mother fucker there while I was asleep. Then, then I can get out, dawg, I'll be out within two weeks. You know, that's what I need her to do.

\*   \*   \*

COWAN: If you can get a hold her, man, I got, I got her . . . I gave you her number, if you could get a hold her and tell her, uh, tell her pretty much what I said. Now she's not the kind of person that would, you know, want to be involved in some shit like that, but . . .
KEVIN: Yeah, I know.
COWAN: Tell her how serious it is. These mother fuckers talkin' about seven years, but . . . um, I'm knowing I won't get no seven years. I'll fuck around though for real dawg and get it like three years if she don't help me out.

The government also presented statements taken of Cowan's roommates by the police officers during the search. Two roommates said they suspected Cowan of selling drugs because they had seen people come over and meet with Cowan in the laundry room and behind closed doors. Another roommate said he saw Cowan meet with unknown people in the laundry room, and he also saw a handgun on Cowan's desk in his bedroom.

In addition, the government offered testimony of Special Agent Saier about the drug-related investigation of Cowan before the search -- specifically regarding controlled purchases of cocaine made by a confidential informant ("CI") at Cowan's house. The CI reported to Saier that, while the CI was at Cowan's house

3

to purchase cocaine, Cowan showed the CI three firearms -- including one handgun in Cowan's bedroom.

The probation officer assigned Cowan a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), increased the base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(5) because Cowan used a firearm in connection with another felony offense, and gave another two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  For a total offense level of 26 and a criminal history of category V, the guideline imprisonment range was 110-137 months.

In sentencing Cowan, the district court concluded that Cowan did obstruct justice by attempting to influence Biederman's testimony and did use a firearm in connection with another felony offense -- namely, drug trafficking.  The court sentenced Cowan to 120 months, noting that 120 months was the statutory maximum, but was slightly below the midpoint of the guideline range.  Cowan appealed his sentence to this Court, and we remanded in the light of United States v. Booker, 125 S.Ct. 738 (2005), because "Cowan's sentence erroneously was based in part on extra-verdict enhancements under a mandatory guidelines system."

On remand, the district court again sentenced Cowan to 120 months imprisonment but noted that the court considered the guideline range as advisory.

Cowan appeals the re-sentencing on four grounds: (1) the district court erred in applying the firearm enhancement because nothing evidenced that a gun was present during any drug transaction; (2) the district court erred in applying the obstruction of justice enhancement because "there was no evidence that [Cowan] actually attempted to persuade Ms. Biederman to change her testimony, and that the Appellant's statements were "just talk;" (3) the district court erred under Blakely v. Washington, 124 S.Ct. 2531 (2004), because the facts used for the enhancements were not put to a jury or admitted by Cowan; and (4) the district court erred under 18 U.S.C. § 3553 in sentencing Cowan to 120 months in the light of his acceptance of responsibility and extraordinary rehabilitation efforts and in not stating its reason for imposing the 120 month sentence. We affirm on every ground.

We review the district court's application of the Sentencing Guidelines de novo and the underlying factual findings for clear error. United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006). We review the ultimate sentence for reasonableness. Id. And we review constitutional challenges to a sentence de novo, but we will reverse only upon a finding of harmful error. Id.

First, the district court did not err in applying the firearm enhancement. The sentencing guidelines authorize a four-level enhancement "[i]f the defendant used

5

or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The evidence shows that Cowan was selling drugs out of the laundry room in his house; and at his house, he possessed one to three firearms. And Cowan showed his firearms to a customer -- the CI -- who came to the house to purchase cocaine. The district court was not clearly mistaken in finding that Cowan used a firearm in connection with drug trafficking.[1]

Second, the district court did not err in applying the obstruction of justice enhancement. The guidelines authorize a two-level enhancement if (1) "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction," and (2) the obstructive conduct related to either the offense of conviction or any relevant conduct. U.S.S.G. § 3C1.1. The evidence shows that Cowan attempted to influence Biederman's testimony on the ownership of the gun. Cowan told "Kevin" to contact Biederman

---

[1]Cowan argues that no evidence shows he had a gun with him during any of his drug transactions. All drugs were sold in the laundry room, and the guns were elsewhere in the house. But a gun need not be within arm's reach of a criminal transaction to be used in connection with the offense. See United States v. Flennory, 145 F.3d 1264, 1270 (11th Cir. 1998) (upholding a finding that a weapon was used "in connection with" drug trafficking when the drugs were distributed in a vacant lot and the weapon was in a car across the street), superseded on other grounds, United States v. Brown, 332 F.3d 1341 (11th Cir. 2003).

and ask her to say the gun was hers. The district court did not clearly err in finding that Cowan attempted to influence Biederman's testimony.[2]

Third, the district court's findings that Cowan used a firearm in connection with a felony and that Cowan obstructed justice did not violate Cowan's Sixth Amendment right to trial by jury. In making these findings based upon the preponderance of the evidence, the district court noted that it was applying the Sentencing Guidelines as advisory. Thus, Cowan's right to a jury was not violated. See United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) ("[T]he use of extra-verdict enhancements in a non-mandatory guidelines system is not unconstitutional").

Fourth, the district court ultimately imposed a reasonable sentence. Pursuant to section 3553(a) of Title 18, a district court must consider several factors to determine a reasonable sentence. Those "factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing

---

[2]Cowan argues that his comments were "just talk" and that they were never communicated to Biederman. But that the comments were not communicated to Biederman does not save Cowan. See United States v. Bradford, 277 F.3d 1311 (11th Cir. 2002) (deciding that indirect threats of a witness made to third parties can constitute obstruction of justice even without a showing that the threats were communicated to the target).

7

disparities." United States v. Bonilla, 463 F.3d 1176, 1180 (11th Cir. 2006); 18 U.S.C. § 3553(a).[3]

Here, the district court expressly noted that it considered the factors and the advisory guideline range in sentencing Cowan. The court considered Cowan's "history and characteristics" and explicitly acknowledged Cowan's rehabilitation efforts and acceptance of responsibility. The court considered "the nature and circumstances of the offense" and expressly concluded that Cowan's rehabilitation efforts did not lessen the seriousness of his crime. The court said it considered "the Sentencing Commission's policy statements" and possible upward or downward departures, but said that no departures were warranted. After considering all of these factors, the court imposed a sentence slightly below the midpoint of the guideline range. We conclude that the sentence was reasonable and that the district court considered the factors and adequately expressed its reasons for imposing the sentence.

For the foregoing reasons, the district court's judgement is

**AFFIRMED.**

---

[3]Under Booker, a court is not required "to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." Id.