[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14007
Non-Argument Calendar

_____

D. C. Docket No. 05-00185-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RENE GARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 22, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Michael Garrett appeals, as unreasonable, his 151-month sentence for

kidnapping, 18 U.S.C. § 1201(a)(1), and interstate transportation of a stolen vehicle, id. § 2312, imposed consecutively to a state sentence for a previous offense. We affirm.

Garrett's advisory Sentencing Guidelines range was 151 to 188 months. The district court imposed a sentence of 151 months of imprisonment for the kidnapping charge and the statutory maximum of 120 months for the stolen-vehicle charge. The sentences run concurrently with each other but consecutively with the Michigan sentence Garrett is serving for another kidnapping.

In reviewing a sentence, we review the application of the Sentencing Guidelines by the district court de novo. United States v. Bradford, 277 F.3d 1311, 1316 (11th Cir. 2002). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The court must consider the statutory factors, id. § 3553(a), to determine whether to order the sentences to run concurrently or consecutively. Id. § 3584(b).

Garrett argues that the decision to impose his federal sentence consecutively was unreasonable because the consecutive sentence is longer than necessary to protect the public and deter criminal behavior. We disagree for two reasons. First, the district court considered the section 3553(a) factors when it declined to run the

sentence concurrently, including the seriousness of the offense; the need for just punishment, deterrence, and protecting the public from future crimes; the provision of medical care and correctional treatment; and the advisory Guidelines range. Because Garrett appeared to be stable only when in confinement and forced to take his medication, the court concluded that Garrett's mental illness also weighed in favor of imposing a consecutive sentence. Second, the district court imposed a reasonable punishment for these offenses. See U.S.S.G. § 5G1.3(c) ("[T]he sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.") (policy statement). It was reasonable for the district court to conclude that it would be unfair to the public and the victim to impose no additional punishment for Garrett's second kidnapping offense.

Garrett's sentence is

**AFFIRMED.**