NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0459n.06

No. 11-1952

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 01, 2012*

LEONARD GREEN, Clerk

MICHAEL RENE GARRETT,                     )
                                          )
    Plaintiff-Appellant,              )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA; JOHN            )   THE EASTERN DISTRICT OF
DOES, 1-3,                                )   MICHIGAN
                                          )
    Defendants-Appellees.             )

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.*

PER CURIAM. Michael Garrett, a Michigan prisoner proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

In 2006, Garrett pled guilty in the United States District Court for the Northern District of Georgia to kidnapping and interstate transportation of a stolen vehicle. He was sentenced to 151 months in prison and his conviction was affirmed on appeal. *United States v. Garrett*, 218 F. App'x 866, 867 (11th Cir. 2007). Garrett is currently serving a Michigan state sentence for kidnapping. He filed a civil rights complaint in the United States District Court for the Eastern District of Michigan alleging that: 1) he pled guilty to the federal charges under duress; 2) he was subjected to harassment; 3) the plea coercion, trial harassment, and errors in his trial constituted torture; 4) various constitutional and statutory rights were violated; 5) the courts are "us[ing] the wrong names

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

against" him; 6) he is in prison against the orders of two doctors; and 7) he is "in prison without evidence, trial and victim." He sought a restoration of his constitutional rights, monetary relief, and equitable remedies.

The district court construed Garrett's § 1983 complaint as raising claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because § 1983 relief is not available against federal officials. The court then screened the case pursuant to 28 U.S.C. § 1915A(a), and dismissed the complaint without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Garrett filed a motion for reconsideration requesting an opportunity to amend his complaint, which the district court granted. However, Garrett never filed an amended complaint. The district court dismissed the case with prejudice after the deadline to file the amended complaint passed, and also denied Garrett's second motion for reconsideration.

On appeal, Garrett argues that: 1) the district court unfairly reviewed his complaint and improperly declined to allow the amendment of his complaint; 2) he was coerced him into pleading guilty; 3) this coercion was analogous to torture; 4) his confession violated 18 U.S.C. § 3501; and 5) prison staff interfered with his library access. Garrett has moved for the appointment of counsel.

We review *de novo* a district court's decision to dismiss a case under § 1915A. *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008). Garrett's complaint was properly dismissed because a federal prisoner may not bring a *Bivens* action that calls into question his conviction unless he demonstrates that the conviction has been reversed on direct appeal, declared invalid, expunged by executive order, or called into question by a 28 U.S.C. § 2255 proceeding. *See Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998). Garrett has failed to meet this standard by establishing that his conviction has been reversed or invalidated in some manner.

Garrett's claim that he was denied the opportunity to amend his complaint is also meritless. "[D]istrict courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to" § 1915A. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Despite this limitation, Garrett was granted two months to file an amended complaint and he failed to take advantage of this opportunity.

We deny the motion for the appointment of counsel and affirm the district court's judgment.