[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10853
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00497-WFJ-SPF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOGA KUYON YUOH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2019)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Doga Kuyon Yuoh appeals his 30-month sentence for possession of a firearm

by a convicted felon.  On appeal, he argues that the district court procedurally erred

by concluding it was required by law, under U.S.S.G. § 5G1.3, to impose his sentence consecutive to his state sentence.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the [] court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).  We review the district court's application of § 5G1.3 de novo.  United States v. Bidwell, 393 F.3d 1206, 1208-09 (11th Cir. 2004).  An appellant abandons issues not "plainly and prominently" raised in his initial brief, even if he properly preserved them in the district court.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  A passing reference in a brief without substantive legal argument is insufficient to preserve an issue.  Id.

In reviewing a sentence for procedural reasonableness, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Pugh, 515 F.3d at 1189 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The party

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the

challenging a sentence bears the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts. United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015).

When the district court imposes a term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment, the court has discretion to run the terms either concurrently or consecutively. 18 U.S.C. § 3584(a). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id.

The Guidelines provide guidance concerning when a court should impose a consecutive or concurrent sentence on a defendant who is subject to an undischarged term of imprisonment. U.S.S.G. § 5G1.3. The relevant portions of § 5G1.3 provide:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct . . . the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of

pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

. . . .

(d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Id. § 5G1.3(a), (b), (d) (emphasis added).[2]  Only after finding that § 5G1.3(a), (b), and (c) do not apply does the district court apply the residual provision in § 5G1.3(d). See id.; see also United States v. Bradford, 277 F.3d 1311, 1317 (11th Cir. 2002) ("Where, as in this case, neither subsection (a) or (b) of § 5G1.3 applies, the district court has discretion to impose a consecutive sentence [under the residual provision] to achieve a reasonable punishment.").[3]  Section 5G1.3(a), along with 18 U.S.C. § 3584(a), "evince a preference for consecutive sentences when imprisonment terms are imposed at different times."  United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).

---

[2] The application of § 5G1.3(c) is not at issue in this case.

[3] At the time Bradford was decided, § 5G1.3 consisted of only three subsections and § 5G1.3(c) was nearly identical to the current § 5G1.3(d).

Here, the district court did not procedurally err by imposing Yuoh's federal sentence consecutive to his state sentence under § 5G1.3(a), as that subsection of the Sentencing Guidelines advises.  For starters, Yuoh concedes that the district court applied § 5G1.3(a) when he mentions § 5G1.3(a) in his summary of the sentencing hearing proceedings in his initial brief, and the record makes clear that the district court applied § 5G1.3(a).  During the sentencing hearing, the court asked whether counsel's argument that § 5G1.3(b) should apply was precluded by § 5G1.3(a), explained that it was overruling Yuoh's objection that the court should apply § 5G1.3(b) because the state offense was not relevant conduct, and later stated that "the law does require [the sentence] to be consecutive."  Indeed, the only subsection mentioned by any party or the court during the sentencing hearing other than § 5G1.3(b) was § 5G1.3(a).  Further, the district court's statements were consistent with the language of § 5G1.3(a), providing that "the sentence for the instant offense shall be imposed to run consecutively," and the preference for consecutive sentences when imprisonment terms are imposed at different times.   See Ballard, 6 F.3d at 1506.  Because we interpret a district court's statements to be consistent with the law, the record reflects that the district court applied § 5G1.3(a), and applied it correctly, when it imposed Yuoh's federal sentence consecutive to his state sentence. See United States v. Cataldo, 171 F.3d 1316, 1319 n.6 (11th Cir. 1999) (holding that

a district court's ambiguous oral statements are interpreted to be consistent with, and not inconsistent with, the law).

To the extent Yuoh suggests in this appeal that the district court procedurally erred by not applying § 5G1.3(d) instead of § 5G1.3(a), he has abandoned the argument that the district court erred in applying § 5G1.3(a) by not plainly and prominently raising it in his initial brief. Jernigan, 341 F.3d 1283 n.8. And without an argument as to why the district court erred by applying § 5G1.3(a), Yuoh's argument that the court should have instead applied the residual provision in § 5G1.3(d) necessarily fails. The plain language of § 5G1.3(d) provides that it applies only "[i]n any other case," which means that § 5G1.3(d) is a residual clause that applies only if § 5G1.3(a), (b), and (c) do not apply. See U.S.S.G. § 5G1.3(d). Further, nothing in the record indicates that anyone argued, nor that the district court ever considered, whether § 5G1.3(d) applied. Accordingly, the district court did not procedurally err by imposing Yuoh's federal sentence consecutive to his state sentence under § 5G1.3(a), and we affirm.

**AFFIRMED**.